IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ZOBNOWSKI, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-4614 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                  September 16, 2015

The *pro se* petitioner, Christopher Zobnowski, filed a petition for *habeas corpus* under 28 U.S.C. § 2241 on August 4, 2014.  Doc. No. 1.  The court entered an order on August 18, 2014, referring the case to the Honorable Richard A. Lloret, United States Magistrate Judge, for a report and recommendation.  Doc. No. 2.  The respondents filed a response in opposition to the *habeas* petition on October 6, 2014.  Doc. No. 5.  The petitioner then filed a supporting memorandum of law on October 23, 2014.  Doc. No. 6.

Judge Lloret filed a report and recommendation on July 31, 2015.  Doc. No. 7.  In the report and recommendation, Judge Lloret indicated that at the time that the petitioner filed the petition, the petitioner was awaiting trial in state court on a variety of charges.[1]  *See* Report and Recommendation at 1.  During the pendency of this proceeding, the petitioner pleaded guilty to

---

[1] According to the state-court record, the City of Philadelphia Police Department charged the petitioner with Persons Not to Possess Firearms, 18 Pa. C.S. § 6105(a)(1), Firearms Not to be Carried Without a License, 18 Pa. C.S. § 6016(a)(1), Carrying Firearms on Public Streets or Public Property in Philadelphia, 18 Pa. C.S. § 6018, Possession of an Instrument of Crime, 18 Pa. C.S. § 907(a), Simple Assault, 18 Pa. C.S. § 2701(a), Recklessly Endangering Another Person, 18 Pa. C.S. § 2705, Resisting Arrest, 18 Pa. C.S. § 5104, and Disorderly Conduct, 18 Pa. C.S. § 5503(a)(1), for acts that allegedly occurred on February 14, 2012.  *See* State Ct. R., *Commonwealth v. Zobnowski*, No. CP-51-CR-2733-2012 ("St. Ct. R.").

Persons Not to Possess Firearms and the trial court sentenced him to a period of incarceration for a minimum of three-and-a-half years to a maximum of ten years.  *Id.*; St. Ct. R.

In the report and recommendation, Judge Lloret summarized the petitioner's claims and determined that he failed to exhaust his state-court remedies before pursuing *habeas* relief. Report and Recommendation at 2.[2]  Judge Lloret noted that despite having been sentenced, the petitioner never filed a direct appeal or a collateral action under the Post Conviction Relief Act. *Id.*  As such, Judge Lloret recommended that the undersigned deny the *habeas* petition without prejudice to re-file once he has exhausted his state-court remedies.  *Id.*

The docket entries reflect that along with the report and recommendation, Judge Lloret's chambers provided a notice to the petitioner, which indicated that he had 14 days to file written objections to the report and recommendation and that the failure to file objections would bar him "except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge."  *See* Notice (emphasis omitted), Doc. No. 7-2.  It appears that the clerk of court's office mailed a copy of the report and recommendation and the accompanying notice to the petitioner at "#733521, 8301 State Road, Philadelphia, PA 19136."[3]

The petitioner did not file written objections to the report and recommendation; however, on August 18, 2015, the United States Postal Service returned the envelope containing the report and recommendation and the notice because the petitioner was discharged from the PICC.  *See* Unnumbered Docket Entry Between Doc. Nos. 8, 9.  Upon receiving notice that the Post Office returned the aforementioned envelope, and with the knowledge that the trial court had sentenced

---

[2] Judge Lloret also explained that under *Younger v. Harris*, 401 U.S. 37 (1971) "federal courts should not ordinarily interfere in state court criminal proceedings."  Report and Recommendation at 2 (citing *Younger*, 401 U.S. at 43).
[3] It appears that this is the address for the Philadelphia Industrial Correctional Center ("PICC").  *See* http://www.phila.gov/prisons/Facilities/Pages/IndustrialCorrectionalCenter.aspx (last visited Sept. 12, 2015).

the petitioner to a period of state incarceration, the undersigned accessed the Commonwealth of Pennsylvania, Department of Corrections' inmate locator and learned that the petitioner was incarcerated at SCI – Chester, located at 500 East Fourth Street, Chester, Pennsylvania. *See* http://inmatelocator.cor.state.pa.us/inmatelocatorweb/Criteria/aspx (indicating that Christopher Zobnowski, date of birth, October 16, 1975, inmate no. LX7652, is currently incarcerated at SCI – Chester). To ensure that the petitioner received a copy of the report and recommendation and the notice, the court entered an order on August 24, 2015, requiring the clerk of court to serve a copy of the report and recommendation and the notice via certified mail, return receipt requested and first-class mail on the petitioner at SCI – Chester. Doc. No. 9. On August 25, 2015, the clerk of court's office served the petitioner in accordance with the court's order. *See* Unnumbered Docket Entry After Doc. No. 9.

      To date, the petitioner has not filed written objections to the report and recommendation and more than 21 days have passed since the clerk's office sent copies of the documents to him by certified and regular mail. Since neither party has filed objections to Judge Lloret's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)).

      The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has

reviewed the underlying record and Judge Lloret's report and recommendation and has found no error in his report. Accordingly, the court will adopt the report and recommendation and deny without prejudice the *habeas* petition under section 2241 because the petitioner has already been sentenced and he has failed to exhaust his state-court remedies.[4]

The court will issue a separate order.

BY THE COURT:

/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

---

[4] The court notes that in his purported memorandum of law, the petitioner references a claim for the first time that the police arrested him without probable cause and that the trial court should have suppressed certain unidentified evidence. *See* (Addendum) Mem. of Law to the Pet. for the Writ of Habeas Corpus at 1-2, Doc. No. 6. Even if the petitioner properly presented this claim, he has clearly failed to exhaust his state-court remedies with respect to this claim as well.